UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; UNIVERSAL MUSIC-Z TUNES LLC d/b/a Universal Music Z Songs; R KELLY PUBLISHING, INC. INC.; JOHN SEBASTIAN MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; TZIAH MUSIC; SONY/ATV SONGS LLC d/b/a Sony/ATV Acuff Rose Music ; SONGS OF UNIVERSAL, INC., <br><br>                    Plaintiffs, <br><br>         v. <br><br>PURE LOUNGE OF COLUMBIA, LLC d/b/a Pure Ultra Lounge; and STEPHEN L. DAVIS individually, <br><br>                    Defendants. | C.A. No. 3:11-1591-CMC <br><br><br>OPINION AND ORDER <br>AWARDING FEES AND COSTS |

This matter is before the court on Plaintiffs' motion for attorney's fees and costs. Dkt. No. 34. This motion follows the court's entry of default judgment on November 30, 2011. Dkt. No. 33. Despite service of the motion and passage of the time allowed for response, no opposition has been filed. The court has, therefore, reviewed the motion based on Plaintiffs' submissions in support of the motion, the court's knowledge of the earlier proceedings, and other, earlier-filed documents.

Although Defendants were briefly represented by counsel in this action, their attorneys were allowed to withdraw in October 2011. After that withdrawal, Defendant Pure Lounge of Columbia, LLC, failed to obtain counsel and went into default due, in part, to its inability to proceed without counsel and, in part, to its failure to comply with a court order directing it to respond to court interrogatories. The individual Defendant, Stephen L. Davis, went into default for the latter reason. Despite his ability to proceed *pro se*, he failed to file anything in opposition either to the motion for entry of default judgment or the present motion. In light of this litigation history, the time and

expense involved in prosecuting the matter have been fairly limited, relating primarily to preparation of the complaint, the motion for default judgment, and the present motion for attorney's fees, in addition to a small amount of time dedicated to communicating with opposing counsel (while Defendants were represented).

For this work, Plaintiffs seek $5,091 for fees of their attorney (14 hours at $300 per hour) and paralegal (9.9 hours at $90 per hour). Plaintiffs also seek costs of $527.16, which includes both those costs generally available to a prevailing party (*e.g.,* filing fees and costs of service) and additional costs available under 17 U.S. C. § 505.

Plaintiffs' motion is supported by an affidavit of their own counsel who attaches supporting documentation as to the work performed and costs incurred. The rates sought are supported by an affidavit of an attorney from another firm who performs work in the same district and avers that the rates sought are within the normal range in this district.[1] In addition, Plaintiffs submit a supporting memorandum addressing the factors considered in resolving motions for attorney's fees. *See generally Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir. 1978).

In the absence of an opposing memorandum, the court has reviewed Plaintiffs' motion and supporting documentation, compared it to the work evidenced by the docket, and, against the court's own knowledge of the proceeding and general knowledge of rates charged for work in this court. Having done so, the court finds both the rates and hours to be reasonable.

For the reasons set forth above, the court grants Plaintiffs' motion in full and awards attorney's fees in the amount of Five Thousand Ninety-One and no/100 Dollars ($5,091.00) and

---

[1] This affidavit is fairly minimal, as it addresses only two factors relevant to the rate charged: the attorney's years of experience and the general category of work "civil litigation before the United States District Court for the District of South Carolina." It does not address the specific category of litigation at issue, copyright infringement. Nonetheless, in the absence of any challenge, the court finds it meets the minimum requirements for third-party support for the rate sought.

2

costs in the amount of Five Hundred Twenty-Seven and 16/100 Dollars ($527.16) for a total award of fees and costs in the amount of Five Thousand Six Hundred Eighteen and 16/100 Dollars ($5,618.16).

IT IS SO ORDERED.

                                                     s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 11, 2012